**NATIONAL PHONOGRAPH CO. et al. v. WALKER. †**

(Circuit Court, E. D. Pennsylvania. March 31, 1909.)

No. 255.

PATENTS (§ 303*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    Whether the reservation by the manufacturer of a patented article of the right to fix the price at which such article may be sold at retail follows such article after it has been once sold to an actual user, is a question which will not be determined on a motion for a preliminary injunction.

    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 303.*]

In Equity. On motion for preliminary injunction.

Charles N. Butler, for the motion.
Duke Walker, in pro. per.

---

J. B. McPHERSON, District Judge. By this motion the court is asked to go a step beyond New Jersey Patent Co. v. Schaefer (C. C.) 144 Fed. 437—indeed, beyond any other case of which I have knowledge—and to restrain the respondent summarily from selling patented phonograph records, although he had entered into no agreement with the complainants, and apparently bought the records in question not from licensed dealers, but from private persons who had been using them upon their own machines, and disposed of them under circumstances and for reasons that have not been disclosed. It may be that the restrictions concerning price which are now sought to be enforced follow the records indefinitely into the hands of successive purchasers; I have no present opinion on this subject; but, as the question involved is important and was not argued at the hearing of this motion, I prefer not to decide it until final hearing. The point was expressly reserved in Victor Talking Machine Co. v. The Fair, 123 Fed. 427, 61 C. C. A. 58, and I have been referred to no case in which it has been decided.

A preliminary injunction is refused.